UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM YEOMANS,

    Plaintiff,                                        Hon. Richard Alan Enslen

v.                                                Case No. 1:05-CV-254

STATE OF MICHIGAN,

    Defendant.
_____/

## JUDGMENT

This is a prisoner civil rights action initiated pursuant to 42 U.S.C. § 1983. The Court has conducted an initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e(c), to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court concludes that Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff asserts that on January 25, 2005, he received a traffic citation for operating a motor vehicle with an improper license plate and without proof of insurance. Plaintiff claims that on February 13, 2005, he pleaded guilty to these infractions and was fined $212. According to Plaintiff, he received a bill from the Michigan State Treasury on March 4, 2005, informing him that he owed an additional $200 pursuant to the Michigan Driver Responsibility Act. Plaintiff alleges that he subsequently paid this amount "under protest" to "prevent the suspension of his drivers license."

Plaintiff asserts that neither the traffic citation itself nor the court in which he pleaded guilty informed him that a conviction or guilty plea would impose upon him this additional amount.

Plaintiff further claims that "the Secretary of State does not inform licensed drivers of additional penalties for said offenses." Plaintiff initiated the present action against the State of Michigan asserting that his procedural due process rights were violated "by not giving [him] any prior notice whatsoever of these double jeopardy fee penalties prior to acceptance of his guilty plea."

The Eleventh Amendment to the United States Constitution "bars all suits, whether for injunctive or monetary relief, against the state and its departments." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 152 n.2 (6th Cir. 1995) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984)); *see also*, *Leonard v. Ohio Bureau of Employment Servs.*, 2002 WL 1759528 at *4 (6th Cir., July 29, 2002) (same). Accordingly, Plaintiff's action against the State of Michigan must be dismissed.

**IT IS SO ORDERED**.

DATED in Kalamazoo, MI:  
May 17, 2005

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE